UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

ALBERT BALESTRA,
    Plaintiff

VS.

MASSACHUSETTS STATE POLICE and
the COMMONWEALTH OF
MASSACHUSETTS,
    Defendants

04 12332 PBS

COMPLAINT AND JURY DEMAND

1. Plaintiff Albert Balestra is a resident of Medfield, Norfolk County, Massachusetts.

2. The Massachusetts State Police is a division of the Commonwealth of Massachusetts.

3. Mr. Balestra was hired by the Defendant Massachusetts State Police in 1974 as a State Police Officer, or trooper. He successfully completed a lengthy police academy and also necessary training for that position.

4. In 1989 Mr. Balestra was forced to take a disability retirement due to work related injuries.

5. In 1991, Mr. Balestra, having sufficiently recovered from his injuries, began to seek reinstatement to the State Police. He was told by the State Police that there were no positions available, and that he was medically unqualified to return to work. He was also

told that there were no positions available and that if he attempted to return to work and subsequently was unable to do so that he would lose his pension.

6. All of these statements were incorrect.

7. Mr. Balestra then submitted medical evidence of his ability to return. Despite this evidence he was denied reinstatement in 1999. He continued to seek reinstatement but was continually denied.

8. Mr. Balestra contacted the Massachusetts Public Employee Retirement Administration Commission (PERAC). That agency ordered his return to work effective April 26, 2000.

9. Before he could return to full time duties Mr. Balestra was required to attend another lengthy police academy. He was treated as a trainee during that time. Other reinstated and transferring police officers have not been required to attend a full police academy.

10. On December 7, 2000 Mr. Balestra learned that three other state police officers who were on disability had been allowed to return to work at the Defendant State Police in 1991. Those individuals received credit for prior service and seniority.

11. On January 26, 2001 Mr. Balestra filed a complaint of discrimination with the Massachusetts Commission Against Discrimination alleging discrimination by the Defendant on the basis of his handicap or their perception of his handicap.

12. Mr. Balestra was initially placed on restrictive duty pending his completion of another state police academy. He successfully completed this academy in December 2000 and was returned to full duty.

13. Mr. Balestra never received credit for his prior service and seniority.

14. As a result of his lower seniority he lost opportunities to bid for his desired work shift, vacation schedule or work station, was paid at a lower rate, and lost overtime and detail pay.

15. The loss of seniority effectively denied Mr. Balestra the opportunity to become a sergeant.

16. In May 2001 an arbitrator ruled that Mr. Balestra had been paid at the wrong pay rate, the lowest step for a newly hired state trooper, upon his reinstatement.

17. Mr. Balestra has suffered significant and on going emotional distress as a result of the actions of the Defendant.

18. By statement dated August 6, 2004, the EEOC issued and then mailed Mr. Balestra a right to sue letter.

## COUNT ONE

19. The refusal of the Defendant State Police to rehire Mr. Balestra when he was able to work, and the denial of seniority and other credits and opportunities constitute discrimination in employment based upon a handicap in violation of the Americans With Disabilities Act, 42 USC Sec. 12101 et. seq.

20. The actions of the Defendant State Police were wanton and willful and done with the intention of discouraging injured state police officers from returning to work.

## JURY DEMAND

Plaintiff demands trial by jury on all issues.

Wherefore Plaintiff prays judgment against Defendant holding that Defendant has discriminated against him on the basis of his handicap, history of handicap or perception

of handicap in violation of the Americans With Disabilities Act, awarding Plaintiff compensatory and punitive damages, and awarding Plaintiff his costs and attorneys fees.

                                    Respectfully submitted,
                                    Plaintiff Albert Balestra,
                                    By his attorney,

                                    _____
                                    Brian Rogal
                                    BBO #424920
                                    Law Offices of Timothy M. Burke
                                    160 Gould Street, Suite 111
                                    Needham, MA 02494
                                    (781) 455-0707